UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASPER FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01135-TWP-CSW |
| | ) | |
| ROBERT E. CARTER, | ) | |
| CHRISTINA REAGLE, | ) | |
| GEO GROUP, | ) | |
| MARK SEVIER, | ) | |
| JENNIFER FRENCH, | ) | |
| S. D. FITCH, | ) | |
| SAMMY JOSEPH, | ) | |
| STEVENS, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint and Opportunity to Show Cause**

This matter is before the Court on several pending motions and for screening of the amended complaint. Plaintiff Jasper Frazier has filed a motion for leave to file an amended complaint (Dkt. 11), Motion to clarify original complaint (Dkt. 12), motion to inform concerning mail (Dkt. 19), motion to verify motion to correct amended complaint, (Dkt. 21), motion for extension of time to correct amended complaint (Dkt. 22), and motion to inform concerning confiscated documents (Dkt. 23). Mr. Frazier is a prisoner currently incarcerated at the East Jersey State Prison in Rahway, New Jersey. He was transferred from the custody of the Indiana Department of Correction ("IDOC") to the New Jersey prison as part of an agreement settling four lawsuits he filed in this Court. He filed this civil action alleging misconduct by New Jersey prison officials. Mr. Frazier has filed several amended complaints and motions to correct or clarify his amended complaints. *See* dkt. 11, 12, 21, 24. Therefore, the most recent proposed amended complaint is the operative complaint. (Dkt. 24-1). Because he is a "prisoner," this Court has an

obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). Accordingly, the Court will first screen the amended complaint before turning to the various motions that are pending.

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when Mr. Frazier pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Frazier sues past and present commissioners of the IDOC Robert Carter and Christina Reagle, GEO Group, Warden Mark Sevier, Assistant Warden Jennifer French, Assistant S.D. Fitch, Internal Affairs Officer Sammy Joseph, and Internal Affairs Officer Stevens.

While the amended complaint is approximately 70 pages long, Mr. Frazier's claims can be summarized as follows: Mr. Frazier has been subject to numerous violations of his rights during his time in New Jersey prisons. Among other things, he contends that his communications have

been spied on by other inmates and prison officials, that fellow New Jersey inmates have been given compromising pictures of him, and that he has been subjected to improper disciplinary sanctions in New Jersey. He alleges all these actions have been taken by New Jersey officials "in concert" with the defendants. For relief, he asks for an order directing the defendants to enforce the Interstate Correction Compact between Indiana and New Jersey to ensure that he is provided a safe environment and the alleged violations of his rights stop.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

Mr. Frazier's claims that the defendants violated his constitutional rights are necessarily brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

Mr. Frazier points to Indiana Code § 11-8-4-6 for the proposition that, as a prisoner of the State of Indiana, he remains under the jurisdiction of Indiana even when he is housed in New Jersey. That statue provides:

> Inmates confined in an institution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state and may at any time be removed therefrom for transfer to a prison or other institution within the sending state, for transfer to another institution in which the sending state may have a contractual or other right to confine inmates, for release on probation or parole, for discharge, or for any other purpose permitted by the laws of the sending state; provided, that the sending state shall continue to be obligated to such payments as may be required pursuant to the terms of any contract entered into under the terms of section 3 of this chapter.

In other words, this statute provides that that Indiana, as the "sending state" has control over Mr. Frazier's placement. Indeed, while the interstate agreement Mr. Frazier provided with his proposed amended complaint provides that Indiana, as the sending state, has the right to inspect the institution where inmates are housed, it also provides that New Jersey, as the receiving state, has the responsibility to provide "reasonable humane care and treatment." dkt. 24-1 at 6-8. Mr. Frazier does not identify any authority for the proposition that Indiana officials have control over the conditions he experiences while he is placed in New Jersey.

Without personal responsibility for the conditions Mr. Frazier complains of, these defendants cannot be responsible under § 1983 for the alleged violation of his rights in New Jersey state prison.[1] *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.").

To the extent that Mr. Frazier contends that he is a third-party beneficiary of the contract between Indiana and New Jersey and that the defendants have breached that contract, this is a state-law claim. *Cf. Harper v. Corizon Health Inc.*, No. 217CV00228JMSDLP, 2018 WL 6019595, at *7 (S.D. Ind. Nov. 16, 2018) (declining to exercise supplemental jurisdiction over state law breach of contract claim against prison medical provider). Having dismissed any federal claims, the Court does not have jurisdiction over Mr. Frazier's breach of contract claim. *See* 28 U.S.C. § 1367(c).  Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to Show Cause

Mr. Frazier's amended complaint, dkt. 24-1, must be dismissed for each of the reasons set forth above.  Mr. Frazier shall have **through November 28, 2023,** in which to show cause why

---

[1] Indeed, Mr. Frazier has filed a lawsuit in New Jersey against New Jersey prison officials about the conditions he has experienced in New Jersey. *See Frazier v. Kuhn, et al.*, 2:21-cv-16842 BRM CLW (D.N.J.).

Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

Because the Court treated the most recently filed amended complaint as the operative complaint, the motion to correct amended complaint, dkt. [24], is **GRANTED**. The **clerk shall re-docket** the proposed amended complaint, dkt. 24-1 at 27-99, as the amended complaint. Consistent with this ruling, Mr. Frazier's motion for leave to file an amended complaint, dkt. [11], motion to clarify original complaint, dkt. [12], motion to verify motion to correct amended complaint, dkt. [21], and motion for extension of time to correct amended complaint, dkt. [22], are all **denied as moot**. Mr. Frazier's motion to inform in which he states that the defendants have instructed New Jersey officials to deny his mail, dkt. [19], and his motion to inform in which he states that one of his proposed amended complaints was confiscated, dkt. [23], are **granted** only to the extent that the Court acknowledges these filings. The **clerk is directed** to include a copy of the docket with his copy of this Order.

SO ORDERED.

Date: 11/2/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JASPER FRAZIER
000799545B
EAST JERSEY STATE PRISON
1100 Wood Bridge Rd.
Rahway, NJ 07065